UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| OWEN CARL BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:16-cv-02064 |
| ) | CHIEF JUDGE CRENSHAW |
| MARK DIETZ & CO., et al., ) | |
| ) | |
| Defendants. ) | |

# ORDER

Before the Court is a Report and Recommendation from the Magistrate Judge (Doc. No. 56), recommending the Court dismiss the Complaint as being barred by Tennessee's litigation/testimonial privilege. Bell filed timely objections (Doc. No. 57), to which two defendants responded (Doc. Nos. 58-59). Bell then moved to quash N5ZX Aviation, Inc.'s opposition. (Doc. No. 61.) After a de novo review of the record, the Report and Recommendation is **ADOPTED**.

In his Objections, Bell asserts, without citation, that there "is no litigation/testimonial privilege that allows for falsifications by a Plaintiff, their Attorneys or their witnesses during a trial." (Doc. No. 57 at 2.) However, "defamatory statements by a judge, witness, counsel, or part 'made in the course of a judicial proceeding, if pertinent or relevant, are absolutely privileged, and this is true regardless of whether they are malicious, false, known to be false, or against a stranger to the proceeding." Simpson Strong-Tie Co. v. Stewart, Estes & Donnell, 232 S.W.3d 18, 23 (Tenn. 2007) (quoting Jones v. Trice, 360 S.W.2d 48, 54 (Tenn. 1962)). Bell's claims are based on an attorney's misrepresentations during a state court trial, and are therefore covered by Tennessee's litigation/testimonial privilege.

1

Accordingly, the Report and Recommendation (Doc. No. 56) is **ADOPTED**. Defendants' Motion for Judgment on the Pleadings (Doc. No. 52) is **GRANTED**. Plaintiff's Motion to Quash (Doc. No. 61) is **DENIED AS MOOT**. The Complaint is **DISMISSED WITH PREJUDICE**. The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE